# IN THE COURT OF APPEALS OF IOWA

No. 15-1000
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN MARK PESKA,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark D. Cleve, Judge.

The defendant appeals his conviction for possession of a firearm, contending the district court erred in denying his motion to suppress statements allegedly obtained in violation of the defendant's *Miranda* rights.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Clinton police officers responded to the Peska home shortly after midnight on the morning of April 4, 2015, in response to a call that Ryan Peska was suicidal and may have possession of a firearm. The responding officers secured the scene and placed a largely-compliant Peska in custody. Peska's wife explained to the officers what happened that evening and directed the officers to a handgun hidden in the vent of the Peskas' bedroom. Officer Ottens decided to transport Peska to the hospital for examination and commitment because of concerns for Peska's mental health. Officer Ottens transported Peska to the hospital and supervised Peska for approximately one hour until Peska could be examined by a physician and, potentially, committed. During the time Ottens was with Peska, Peska stated the handgun was his and he did not feel safe without it. Peska was charged, tried, and convicted of having possession or control of a firearm or offensive weapon as a felon, in violation of Iowa Code section 724.26(1) (2013). The strongest evidence at trial was Officer Ottens' testimony that Peska admitted ownership and possession of the gun.

On appeal, Peska contends the district court erred in denying his motion to suppress the statements Peska made to Ottens allegedly obtained in violation of Peska's rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). We review do novo the ruling on the motion to suppress. *See State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). We make "an independent evaluation of the totality of the circumstances as shown by the entire record, considering both the evidence introduced at the suppression hearing as well as the evidence introduced at trial." *Id.* (marks and citations omitted). We give deference to the

district court's findings of fact, but we are not bound by them. *See State v. Palmer*, 791 N.W.2d 840, 844 (Iowa 2010). "When the alleged error concerns the erroneous admission of evidence in violation of a defendant's constitutional rights, such error is typically subject to harmless-error analysis." *Tyler*, 867 N.W.2d at 153.

The general rule is that statements made while a defendant is subject to custodial interrogation are inadmissible in the absence of the defendant being advised of his *Miranda* rights and waiving the same. *See State v. Davis*, 446 N.W.2d 785, 788 (Iowa1989) ("A *Miranda* inquiry is not triggered, however, unless there is both custody and interrogation."). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. "The *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). Interrogation encompasses "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the subject." *Id.* at 301.

The State concedes the defendant was in custody when the statements were made. The disputed issue is whether the defendant was subject to interrogation. Officer Ottens testified he transported Peska to the hospital for the purpose of seeking mental health treatment for Peska. His intention was to keep Peska calm until Peska could be examined by a doctor. During the course of

Officer Ottens' supervision of Peska, Peska did most of the speaking. Peska discussed the personal troubles he was facing that precipitated the events of that evening. He spoke about his military service and post traumatic stress disorder. And he also made a statement regarding his ownership and possession of the gun. Ottens testified he did not ask any questions about the night in question, whether Peska owned the gun, or any other questions designed to elicit incriminating information from Peska. Officer Ottens was adamant he mainly listened to Peska for the purpose of keeping Peska calm so Peska could receive medical assistance. Officer Ottens' testimony regarding his supervision of Peska is largely undisputed. Peska testified at trial but not the suppression hearing. There is nothing in Peska's testimony from which it could be inferred Ottens interrogated Peska. Peska testified Officer Ottens told him they were at the hospital for the purposes of seeking mental health treatment.

On de novo review, we conclude Officer Ottens did not subject Peska to "interrogation" within the meaning of *Miranda* doctrine. It seems undisputed the officer merely listened to Peska to keep Peska calm while waiting for medical treatment and made no attempt to elicit incriminating information. *See, e.g.*, *State v. Betances*, 828 A.2d 1248, 1257 (Conn. 2003) ("[T]he public safety exception applies to individual members of the public, including defendants, as well as to the public at large. . . .[W]hen a life is in danger, the law should make no distinctions." (citation omitted)).

For the foregoing reasons, we conclude the district court did not err in denying Peska's motion to suppress evidence. The defendant's conviction is affirmed.

**AFFIRMED.**